```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
```
JUAN DIEGO CORTEZ, on behalf of
himself and others similarly situated,

                              **COMPLAINT**

               Plaintiff,

        -against-                        **FLSA COLLECTIVE**

ASBH LLC d/b/a as LEA BROOKLYN,
and BENJAMIN J HEEMSKERK individually,

                           Defendants.
```
-----------------------------------------------------------------------X
```

Plaintiff Juan Diego Cortez ("Plaintiff" or "Cortez"), individually and on behalf of others similarly situated, by and through his attorneys, The Law Offices of Jacob Aronauer, complaining of ASBH LLC d/b/a as Lea Brooklyn, and Benjamin J Heemskerk (collectively "Defendants"), alleges as follows:

### **PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff, on behalf of himself and all similarly situated employees, to recover compensation for unpaid overtime, unpaid spread of hours wages and notice damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at Defendants' business.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Prevention Act for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4. The FLSA collective seeks injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Juan Diego Cortez**

8. Plaintiff is and was at all times relevant hereto an adult individual residing in Brooklyn, New York.

9. From approximately October 2020 to November 2021, Plaintiff worked as a dishwasher, kitchen helper and cook at Lea Brooklyn.

10. Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

**Defendant ASBH LLC**

11. Defendant ASBH LLC ("ASBH") is a business incorporated in the State of New York, with its principal place of business located at 1022 Cortelyou Rd, Brooklyn, NY 11218.

12. At all times relevant to this action, ASBH was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13. On information and belief, Benjamin J Heemskerk owned and maintained control, oversight and direction of ASBH.

14. On information and belief, Defendant Benjamin J Heemskerk currently own and maintain control, oversight, and direction over ASBH d/b/a Lea Brooklyn.

15. On information and belief, ASBH d/b/a Lea Brooklyn has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

**Defendant Benjamin J Heemskerk**

16. Defendant Benjamin J Heemskerk exercises sufficient control over Lea Brooklyn to be considered Plaintiff's employer under the FLSA and NYLL.

17. Defendant Heemskerk is a person engaged in business in Kings County, who is sued individually in his capacity as an owner, officer and/or agent of Lea Brooklyn.

18. Defendant Heemskerk exercises sufficient control over Lea Brooklyn to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees, set

3

employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

19. Defendant Heemskerk employed Plaintiff and similarly situated employees at all times relevant.

20. Defendant Heemskerk had substantial and operational control over Plaintiff's working conditions and the practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

21. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of other similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

22. Presently, the FLSA Collective consists of approximately ten similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, willfully denying them overtime wages.

23. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

25. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

26. The FLSA and NYLL require that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 hours during any workweek, unless they are exempt from coverage.

27. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

## STATEMENT OF FACTS

**Defendants' General Employment Practices**

28. Lea Brooklyn is an Italian food market and kitchen.

29. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate spread of hours compensation and overtime compensation as required by federal and state laws.

5

30. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and NYLL by, *inter alia*, not paying him the wages he was owed for the hours he worked.

**Plaintiff Cortez's Employment at Lea Brooklyn**

31. From on or about October 2020 to November 2021, Plaintiff worked on behalf of Defendants.

32. Plaintiff worked on behalf of Defendants as a dishwasher, kitchen helper and cook.

33. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

34. Throughout his employment with Defendants, Plaintiff was not compensated for overtime.

35. For periods of time during his employment with Defendants, Plaintiff worked ten hours or more each day.

36. For days that Plaintiff worked more than ten hours a day, he was not paid spread of hours compensation.

**Plaintiff Cortez's Work Schedule and Salary at Lea Brooklyn**

37. From in or about October 2020 to on or about April 1, 2021, Plaintiff was scheduled to work six days a week, with Thursdays off.

38. Overall, from in or about October 2020 through in or about April 1, 2021, Plaintiff worked over 70 hours per week.

39. From in or about April 1, 2021 to on or about November 1, 2021, Plaintiff was scheduled to work six days a week, with Thursdays off.

40. Overall, from in or about April 1, 2021 through in or about November 1, 2021, Plaintiff worked over 80 hours per week.

41. Throughout his employment, Plaintiff was never provided with a lunch break.

42. Throughout Plaintiff's employment with Defendants, Plaintiff was not required to clock-in or clock-out.

43. Plaintiff was paid by check for the first 40 hours worked and by cash for all worked performed after 40 hours.

44. Defendants intentionally paid Plaintiff in this manner to circumvent their responsibilities under the FLSA and the NYLL.

45. Plaintiff was provided with a false paystub each time he was paid.

46. This paystub did not reflect Plaintiff's actual hours worked, nor did it reflect the actual amount he was paid.

47. Defendants never paid Plaintiff overtime in compliance with the FLSA and the NYLL.

48. When Plaintiff worked ten hours or more, Defendants did not pay Plaintiff the spread of hours wages to which he was lawfully entitled.

49. Plaintiff was paid $15 an hour for all hours worked.

**Defendants' Violations of the Wage Theft Prevention Act**

50. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

51. Throughout the relevant time period, Defendants paid Plaintiff without an accurate accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages,

deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

52. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer and required by NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*
### (On Behalf of Plaintiff and the FLSA Collective)

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek.

55. At all relevant times throughout Plaintiff's employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

56. At all times relevant throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times his regular hourly rate for all hours worked in excess of 40 hours per workweek.

57. Defendants' decision not to pay overtime was willful.

58. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this court deems just and proper.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages Under New York Labor Law**
**(On Behalf of Plaintiff)**

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR § 142-2.2.

61. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay for all of his overtime hours worked, in violation of the NYLL.

62. Defendants' failure to pay required overtime was willful.

63. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants' unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

**THRID CAUSE OF ACTION**
**New York Labor Law – Spread-of-Hours Pay**

**(On Behalf of Plaintiff)**

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Throughout his employment, Plaintiff frequently worked more than ten hours in a workday.

66. Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

67. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

68. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Wage Statements**
**(On Behalf of Plaintiff)**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid

by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

71. Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

72. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, reasonable attorney's fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FIFTH CAUSE OF ACTION**
**Failure to Provide Annual Wage Notices in Violation of New York Labor Law**
**(On Behalf of Plaintiff)**

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

75. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

76. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, ASBH LLC d/b/a as Lea Brooklyn, and Benjamin J Heemskerk, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

(c) Damages for the unpaid overtime wages, spread of hours wages and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(d) For pre-judgment and post judgment interest on the foregoing amounts;

(e) For the costs and disbursements of this action, including attorneys' fees; and

(f) For such other further and different relief as this Court deems just and proper.

Dated: January 18, 2021
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully submitted,

*/s/ Jacob Aronauer*_____
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com