# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (this "*Agreement*") is entered into as of August 29, 2022, to be effective upon the Effective Date (defined below), by and among Plaintiff Juan Diego Cortez ("*Plaintiff*" or "*Cortez*"), and ASBH LLC d/b/a Lea Brooklyn, a New York limited liability company ("*ASBH*"), and Benjamin J. Heemskerk ("*Heemskerk*" and, together with ASBH, the "*Defendants*"). Cortez, ASBH and Heemskerk shall each be referred to herein individually as a "*Party*" and collectively as the "*Parties*".

WHEREAS, Cortez commenced an action (*Cortez v. ASBH LLC d/b/a Lea Brooklyn, et al.*, 22-CV-00271 (RML) (the "*Federal Action*") by filing a complaint on January 18, 2022 in the United States District Court, Eastern District of New York against the Defendants; and

WHEREAS, the Parties mutually desire to avoid further litigation and to enter into this Agreement to settle all disputes between them amicably in accordance with the terms and conditions of this Agreement;

NOW, THEREFORE, in consideration for the covenants and obligations provided for herein, the sufficiency of which the Parties hereby acknowledge, the Parties hereby agree as follows:

1. *Effective Date*. The "*Effective Date*" of this Agreement shall be the date that the Court grants the Parties' application to approve this Agreement and dockets that decision on the Court's ECF system.

2. *No Admission of Liability*. Plaintiff and Defendants recognize and agree that Defendants, as a part of this Agreement between the Parties, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Federal Action, or which could have been raised in such suit, Plaintiff's employment relationship with Defendants, Plaintiff's separation of employment with Defendants, and / or otherwise. Neither this Agreement, nor its terms, will be admissible in any action or proceeding as evidence of any fact or conclusion or for any other purpose, except only that this Agreement may be introduced in any action or proceeding arising from an alleged breach of the terms of this Agreement as set forth herein, or in this Action for purposes of requesting that the Court approve this Agreement.

3. *Dismissal of Federal Action with Prejudice*. For and in consideration of the promises outlined in Paragraph 4, the parties shall cause their attorneys to execute the annexed Stipulation and Order of Dismissal with Prejudice, which may be filed by Defendants upon the Effective Date of this Agreement without further notice. Plaintiff agrees not to re-file these causes of action, or any other causes of action against Defendants, arising from matters that were encompassed or that could have been encompassed or raised in the Federal Action.

4. *Consideration*.

(a) In lieu of incurring additional litigation costs associated with defending the Action by Cortez, and in consideration for Cortez's execution of this Agreement and in full and complete satisfaction of all of his actual and potential claims against any of the Releasees (as

hereinafter defined), the Defendants agree to pay Cortez the total sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000; the "*Settlement Payment*") by the later of (i) the Effective Date, or (ii) September 15, 2022. The Settlement Payment shall be issued as follows:

(i) One check in the amount of Seven Thousand Nine Hundred Twenty-Four Dollars and Eighty-Three Cents ($7,924.83), payable to "Juan Diego Cortez," subject to the appropriate payroll withholdings, representing unpaid wages, which shall be reported to the IRS on a Form W2 subject to prior presentation of an accurate and truthful Form W-9 and/or other necessary legal documents;

(ii) One check in the amount of Seven Thousand Nine Hundred Twenty-Four Dollars and Eighty-Four Cents ($7,924.84), payable to "Juan Diego Cortez," representing liquidated damages, which shall be reported to the IRS on a Form 1099 subject to prior presentation of an accurate and truthful Form W-9;

(iii) Subject to prior presentation of an accurate and truthful Form W-9 and/or any other necessary legal documents by Plaintiff, one check in the amount of Four Thousand Four Hundred Seventy-Seven Dollars and Thirteen Cents ($4,477.13), payable to "Law Offices of Jacob Aronauer," representing attorneys' fees, which shall be reported to the IRS on a Form 1099 upon presentation of Form W-9;

(iv) Subject to prior presentation of an accurate and truthful Form W-9 and/or any other necessary legal documents by Plaintiff, one check in the amount of Four Thousand Six Hundred Seventy-Three Dollars and Twenty Cents ($4,673.20), payable to "Law Offices of Yale Pollack, P.C.," representing attorneys' fees, which shall be reported to the IRS on a Form 1099 upon presentation of Form W-9.

(b) Cortez further acknowledges and agrees that: (i) this settlement may result in taxable income to Cortez under applicable federal, state and local tax laws; (ii) Defendants are providing no tax, accounting or legal advice to Cortez, and make no representations regarding any tax obligations or consequences on Cortez's part relating to or arising from this Agreement; (iii) Cortez shall be solely responsible for all of his tax obligations, including, without limitation, all federal, state and local taxes, and all tax liens or claims against Defendants that may arise from all payments received by them under this Agreement, and Cortez shall not seek any indemnification from Defendants with respect thereto; and (iv) Cortez shall cooperate and provide information to Defendants, as reasonably necessary, to allow Defendants to comply with all applicable federal, state and local tax laws.

5. <u>Default</u>.  If Defendants fail to timely make any of the payments described above, in Section 4(a), or if any payment check fails to clear (i.e., bounces) on its respective payment date, Plaintiff's counsel shall provide, by e-mail, a notice to cure to Defendants' counsel, Adam Braverman (adam@bravermanlawfirm.com). Defendants shall cure the default within ten (10) business days (i.e., not including weekends or bank holidays) from and including the date on which the notice was sent. If the default is not cured in such period, Defendants shall be liable to the Plaintiff for his reasonable attorneys' fees and costs in regard to the enforcement of this Agreement and the collection of monies due thereafter.

6. <u>Plaintiff's Releases of Wage and Hour Claims</u>.

(a) In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through them, Defendants, including their predecessors, successors, agents, owners, and assigns (collectively, the "<u>Releasees</u>"), of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, minimum wage and overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), the New York Labor Law, the Wage Theft Prevention Act, and / or any local, state, or federal wage statute, code, or ordinance, including, but not limited to, the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146, relating to wage and hour claims raised, or that could have been raised, in the Federal Action.

(b) Cortez acknowledges and agrees that he is the owner of all claims of any kind against Defendants which are released pursuant to this Agreement; that no other person or entity has any claims or any interest in any potential claims of any kind which are released in this Agreement; that he has not sold, assigned, transferred, conveyed, or otherwise disposed to any other person or entity any claims of any kind which are released pursuant to this Agreement; and that he has not authorized any other person or entity to assert on their behalf any claims of any kind which are released pursuant to this Agreement.

7. <u>No Charges Exist and No Charges Will be Filed for Released Claims</u>. Plaintiff represents that, other than the Federal Action, he does not currently have pending before any court (U.S. or foreign) or before any federal, state, or local governmental agency (U.S. or foreign) any dispute of any kind against the Releasees. Plaintiff agrees that any claim that is brought for claims released by this Agreement, will be automatically dismissed, and the Releasees will be entitled to reasonable costs and reasonable attorneys' fees incurred in defending against any such claims/charges. Cortez agrees that if an administrative claim is made, Cortez or anyone on his behalf shall not be entitled to recover any monetary relief or any other remedy therefrom.

8. <u>Attorneys' Fees and Costs</u>. It is agreed that each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Federal Action, except as otherwise specifically set forth herein.

9. <u>Voluntary Settlement</u>. Plaintiff hereby represents and warrants that he has entered into this Agreement of his own free will and accord and believes that it represents a fair and reasonable compromise.

10. <u>No Other Representations or Agreements</u>. Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or Parties, agents, or representatives to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement between the

Parties.

11. <u>No Modification Except in Writing</u>. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

12. <u>Execution in Counterparts and by Fax, .pdf or Other Electronic Format</u>. This Agreement may be executed in counterpart by each party and all executed copies of the Agreement, when taken together, shall constitute a complete Agreement. A facsimile, .pdf or other electronic format version of this Agreement originally executed shall be accepted and enforceable as if it was an original.

13. <u>General Acknowledgments of Plaintiff</u>. Plaintiff understands, represents, and agrees that he:

(A) Has carefully read and fully understood all of the provisions of this Agreement;

(B) Is, through this Agreement, releasing Defendants from any and all possible wage and hour claims that Plaintiff may have against them, including the claims in the Federal Action;

(C) Knowingly and voluntarily agrees to all of the terms set forth in this Agreement;

(D) Knowingly and voluntarily intends to be legally bound by this Agreement;

(E) Was advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

(F) Is duly authorized and have full authority to execute this Agreement.

[Signature Page To Follow.]

IN WITNESS WHEREOF, the Parties hereto, by their duly authorized representatives, have executed this Agreement as of the day and year first above written.

**Plaintiff:**  **Defendants:**

ASBH LLC

_____  By: *Benjamin Heemskerk*
Juan Diego Cortez  Name: Benjamin J. Heemskerk
  Title:  President

*Benjamin Heemskerk*
_____
Benjamin J. Heemskerk



# Audit Trail

| | |
|---|---|
| **TITLE** | Updated Settlement Agreement |
| **FILE NAME** | 2022 08 31 FLSA Settlement Agreement.pdf |
| **DOCUMENT ID** | 65b206b9d9dd9a881858b63881a717499342656a |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

**SENT**
**08 / 31 / 2022**
15:03:58 UTC
Sent for signature to Benjamin J. Heemskerk (benjaminjheemskerk@gmail.com) from adam@bravermanlawfirm.com
IP: 172.58.188.43

**VIEWED**
**08 / 31 / 2022**
18:02:52 UTC
Viewed by Benjamin J. Heemskerk (benjaminjheemskerk@gmail.com)
IP: 24.38.248.5

**SIGNED**
**08 / 31 / 2022**
18:46:08 UTC
Signed by Benjamin J. Heemskerk (benjaminjheemskerk@gmail.com)
IP: 24.38.248.5

**COMPLETED**
**08 / 31 / 2022**
18:46:08 UTC
The document has been completed.

Powered by HELLOSIGN

IN WITNESS WHEREOF, the Parties hereto, by their duly authorized representatives, have executed this Agreement as of the day and year first above written.

**Plaintiff:**                                    **Defendants:**

                                                  ASBH LLC

*Juan cortes*
Juan Diego Cortez                                 By: _____
                                                  Name: Benjamin J. Heemskerk
                                                  Title:  President


                                                  _____
                                                  Benjamin J. Heemskerk