The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

September 1, 2022

**Via ECF**
Hon. Robert Levy
United States District Court of New York
Eastern District of New York
Brooklyn, NY 11201

      Re:    *Cortez v. ASBH LLC et al.*
              1:22-cv-00271 (RML)

Dear Judge Levy:

This office represents Plaintiff Juan Diego Cortez ("Plaintiff" or "Cortez"), in the above captioned matter. Plaintiff, together with Defendants ASBH LLC d/b/a Lea Brooklyn ("ASBH") and Benjamin J Heemskerk ("Heemskerk"), individually and collectively ("Defendants"), request that the Court approve the signed settlement reached in this matter. A copy of the signed settlement agreement was provided to the Court yesterday on August 31, 2022 (dkt 020).

**Overview**

ASBH is located in Brooklyn, NY. ASBH is owned and operated by Benjamin J Heemskerk. Cortez worked at ASBH for slightly more than a year: October 2020 through on or about November 2021.

**Plaintiff's Position**

The following is written through the eyes of Plaintiff and does not reflect Defendants' position.

Plaintiff's damages were minimal. Based on documents provided by Defendants, Plaintiff believed that he was only owed $10,165.91 in unpaid overtime. Plaintiff's additional potential damages were statutory in nature: $2,985.00 in unpaid spread of hours; liquidated damages in the amount of $10,165.91 and $10,000 in notice damages under the wage theft prevention act. These damages do not include attorney fees and expenses. Plaintiff's counsel has expended $8,538.35 in attorney fees and $814 in expenses

**History of Lawsuit**

On January 18, 2022, Plaintiff commenced this action against Defendants. Dkt 1.

On March 30, 2022, Defendants filed an answer to the Complaint. Dkt 14.

On March 30, 2022, Plaintiff moved for an initial case conference. Dkt 15.

On May 3, 2022, the parties had an initial case conference.

On June 27, 2022, the parties had a mediation scheduled with Patrick M. McKenna. At this mediation, the parties settled.

**Fairness and Reasonableness of the Settlement**

The settlement sum is $25,000.00. Plaintiff will receive $15,849.67 and Plaintiff's counsel will receive $9,150.33. The settlement payment will be paid by the later of (i) the Effective Date (which is any day after Court approval of the settlement agreement prior to September 15, 2022), or (ii) September 15, 2022. The settlement shall be issued in four checks. The first check shall be for $7,924.83, representing unpaid wages. The second check shall be for $7,924.84, representing liquidated damages. The third check is in the amount of $4,477.13 to The Law Offices of Jacob Aronauer and the fourth check in the amount of $4,673.20 to The Law Offices of Yale Pollack.

$25,000 admittedly is less than Plaintiff's best-case scenario. Plaintiff accepted less than the damages he believed that he was owed because Defendants run a small 'mom and pop' market and kitchen

Consistent with this office's retainer agreement with Plaintiff, Plaintiff's counsel seeks to be reimbursed for expenses. The expenses included the filing fee ($402), service on Defendants ($150) and the cost of the mediation ($262). Plaintiff's counsel deducted the following expenses from the total settlement fund, gave his firm 1/3 of the remaining monies and then added back the cost of expenses. Accordingly, Plaintiff is receiving $15,849.67 and Plaintiff's counsel is receiving $9,150.33.

Plaintiff is receiving the settlement proceeds by September 15, 2022 or, in the event the Court does not render a decision until after September 15, 2022, immediately upon Court approval. The payout is reasonable to both parties when considering the potentially prolonged nature of an FLSA lawsuit. In addition, as noted earlier, Defendants made the representation that their company has suffered because of Covid-19. For these reasons, Plaintiff was concerned that he could obtain a positive outcome but chase a worthless judgment.

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances, including but not limited to the below factors, in determining whether a proposed settlement is fair and reasonable:

(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion. *Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (*citing Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

In this case, as a preliminary matter, the "agreement is the product of arm's length bargaining between experienced counsel" and involves no "possibility of fraud or collusion." *Id*. As previously mentioned, for the range of recovery, Plaintiff will receive less than the amount of their total owed wages. Thus, this settlement is a reasonable compromise.

This settlement enables the parties to "avoid both the anticipated burdens and expenses in establishing their respective claims and defenses." *Id*. This settlement will spare Defendants additional legal fees and expenses, prevent the further accrual of Plaintiff's attorney's fees, and relieve Defendants of the burden of further defending a federal court action.

The parties jointly represent to the Court that the settlement agreement is fair to Plaintiff, reasonably resolves bona fide disagreements between the parties about the merits of Plaintiff's claims and demonstrates a good faith intention by Plaintiff and Defendants that their claims for liability and damages be fully and finally resolved and not re-litigated in the future.

**<u>Work Performed by Plaintiffs' Counsel</u>**

We respectfully submit the allocation of 33.3% for Plaintiff's counsel after reimbursement of expenses should be approved. *See Rangel v. 639 Grant St. Meat & Produce Corp.*, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) (Judge Bloom awarding plaintiffs' counsel one-third of the settlement amount, plus costs); *see also*, *Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at *4-5 (E.D.N.Y. March 13,2018); *see also*, *Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 50 F.3d 229,239 (2d Cir. 2007); *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp.2d 2d 164, 178 (E.D.N.Y. June 25, 2012) (awarding fees in the amount of one-third of the total settlement); *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *14 (S.D.N.Y. May 29, 2009) (awarding fees in the amount of 33% of the total settlement).

Plaintiff's counsel performed the following work in this matter: 1) met with Plaintiff to learn about his potential case; 2) researched Defendants; 3) drafted complaint; 4) created damage calculations; 5) reviewed documents from Defendants; 6) created a new spreadsheet based on documents from Defendants; 7) drafted pre-meditation statement; 8) mediation; 9) review and edit settlement agreement; and 10) draft *Cheeks* approval motion.

For the following reasons, we request that the Court permit Plaintiff's counsel to recover one-third of the recovery after reimbursement of expenses. First, as the Court is undoubtedly aware, it is not unusual for FLSA lawsuits to last for more than a year. Second, by settling prior to the commencement of depositions, Plaintiff's counsel has saved relatively significant attorney fees. Plaintiff's counsel should not be punished for quickly obtaining a strong result as opposed to attempting to needlessly 'run up' attorney's fees to justify the settlement agreement.

**Attorney's Fees and Counsel's Qualifications**

Jacob Aronauer is the managing partner of The Law Offices of Jacob Aronauer. Mr. Aronauer has been practicing law since 2005 and started his own firm in 2013. Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law. From 2018-2020, Mr. Aronauer was voted a "Rising Star" in the New York metropolitan area by Super Lawyers. In 2022, Mr. Aronauer was voted a super lawyer in the New York metropolitan area. Jacob Aronauer has litigated over 200 wage and hour cases over the past eight years.

Aronauer seeks approval of his current hourly rate of $415 and $165 for work performed by his paralegals. On March 30, 2021, Magistrate Judge Sarah Netburn granted Aronauer's requested hourly rate of $400 and a paralegal rate of $125. *Perez v. Rossy's Bakery & Coffee Shop, Inc.*, 2021 U.S. Dist. LEXIS 61289, at * 29 (S.D.N.Y. Mar. 30, 2021).

Also, in late 2020 Aronauer was separately retained by two clients, one a catering company with respect to an investigation by the NYS Department of Labor, and the other, an individual with respect to purported unpaid wage claims from his former housekeeper at the hourly rate of $400. These clients paid $150 per hour for paralegal time. As of January 2022, Aronauer raised his rates to the rates requested herein. Recently, Aronauer was retained to defend an employer in a wage and hour lawsuit at his now regular hourly rate of $415 with an hourly paralegal rate of $165. Id. At the Court's request, this office is willing to provide these redacted retainer agreements.

Yale Pollack was lead counsel in this matter and headed the mediation. Mr. Pollack received his J.D. from Touro College Jacob D. Fuchsberg Law Center in 2006. Mr. Pollack has worked at his own law firm for approximately seven years, after working on firms on Long Island, where his focus was on employment law. Mr. Pollack has litigated approximately 75 wage and hour cases.

Mr. Pollack's hourly rate is $400 an hour which is the same hourly rate he charges his clients.

As a result of the labor required in this matter, the lodestar is 1.0716 (and we included attorney fees and expenses for the multiplier). This is a reasonable lodestar amount. *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp.3d 424, 439 (S.D.N.Y. 2014) (Honorable William H. Pauley III concluded that a "multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases.").

If the court desires, Plaintiff's counsel can provide contemporaneous time records.

4

**Conclusion**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing *Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given the disputation of facts regarding Plaintiff's hours worked and rates of pay and the desire of all parties involved to avoid the burden of additional costs and expenses, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
*All attorneys on record*